# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| PATRICIA MARIE NEFF,<br><br>    Plaintiff,<br><br>       v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security,<br><br>    Defendant. | No. ED CV 17-2225-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Patricia Marie Neff appeals from the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I.   BACKGROUND

Plaintiff filed an application for DIB on March 24, 2014, alleging disability beginning on September 1, 2012.[1] See Dkt. 18, Administrative Record ("AR") 182-88. After being denied initially and upon reconsideration,

---

[1] Plaintiff later amended her alleged onset date to January 3, 2013. See AR 23, 40.

Plaintiff timely requested and received a hearing before an Administrative Law Judge ("ALJ") on June 3, 2016. See AR 69, 80-113. At the hearing, the ALJ heard testimony by Plaintiff and an impartial vocational expert ("VE"). See AR 35-60. On August 5, 2016, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 20-31.

The ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, scoliosis, left shoulder osteoarthritis with tendinitis, and migraines. See AR 25. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> She is capable of lifting, carrying, pushing and/or pulling ten pounds frequently and 20 pounds occasionally while being limited to frequent pushing/pulling with the left upper extremity and frequent operation of foot controls with the right lower extremity. She is capable of standing and/or walking for four hours out of an eight-hour workday as well as sitting for six hours out of an eight-hour workday with normal breaks. She requires a sit/stand option at her work station such that she would not be off task more than 10% of the work period with a frequency of 30 minutes on average. Further, she requires the use of a hand held assistive device while walking on uneven terrain or for prolonged ambulation of more than five minutes at one time. She is restricted from climbing ladders, ropes or scaffolds but remains capable of occasional stooping, kneeling, crouching and crawling as well as frequent climbing of ramps and stairs and balancing. She is limited to frequent overhead reaching with the non-dominant left upper extremity. Lastly, she is to have occasional exposure to extreme cold and excessive vibration such as construction vibration.

AR 26. Based on Plaintiff's RFC, the ALJ determined that she could perform her past relevant work as a customer service representative (DOT 219.362-010) and payroll clerk (DOT 215.382-014). See AR 30. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 30-31.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-8. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff takes issue with the ALJ's assessment of her migraines and subjective symptom testimony. See Dkt. 17, Joint Statement ("JS") at 4.

### A. Plaintiff's Migraines

Plaintiff argues that the ALJ erred by not including limitations resulting from her migraine headaches. See JS at 5-6. The ALJ found that the record did not fully support Plaintiff's complaints: "the record only shows one notation of a diagnosis for migraines in her records. As such, there is no evidence showing that she frequently complained about head pain or was prescribed migraine medication." AR 28. Nevertheless, "in great deference to the claimant," the ALJ found that Plaintiff's migraine disorder was severe. Id.

A claimant's RFC is what the claimant is capable of doing despite his or her mental and physical limitations. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). The ALJ must consider all relevant evidence in formulating an RFC, and "an RFC that fails to take into account a claimant's limitations is defective." Id. at 690. The ALJ's findings may be set aside if not supported by substantial evidence. See McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

Substantial evidence supports the ALJ's findings. Plaintiff maintains her migraines were repeatedly referenced in the medical evidence. See JS at 6. But

the treatment records cited by Plaintiff merely indicate she was at some point diagnosed with migraines with an aura. See, e.g., AR 250 (listing "MIGRAINE W AURA" under "Patient Active Problem List"), 283 (same), 296 (same), 305 (same), 321 (same), 384 (same), 386 (same), 400 (same). The records do not show that Plaintiff was presently suffering from—or being treated for—migraines. Indeed, Plaintiff's frequent physical examinations make virtually no mention (either by Plaintiff or her doctors) of any migraines or migraine-related symptoms. Instead, Plaintiff's migraine complaints come primarily from her subjective testimony, which as discussed below, the ALJ properly discounted.

Plaintiff also argues that the ALJ should have developed the record further as to how her migraines would impact her ability to work. See JS at 6. But it was Plaintiff's duty to prove that she was disabled. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)). The ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Id. at 460-61. There is no indication here that the record before the ALJ was either ambiguous or inadequate.

**B.** **Subjective Symptom Testimony**

At the hearing, Plaintiff testified that she was unable to work due to lower back pain with radiating pain down her right leg, left shoulder pain, right hand pain, migraines, and side effects from medication including drowsiness and dizziness. See AR 45, 46, 49, 50. She testified that she wore a sling for her left shoulder and a right wrist brace. See AR 40, 41. Plaintiff testified that she relied on her family for help with cooking, household tasks, grocery shopping, and driving. See AR 41-43. Plaintiff stated she could sit for five to ten minutes before becoming uncomfortable. See AR 46. Plaintiff submitted several reports

that mostly mirrored her hearing testimony. See AR 189-91, 207-18. The ALJ found that Plaintiff's allegations were less than fully credible. See AR 28-29.

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ gave clear and convincing reasons supported by the record to discount Plaintiff's credibility. The ALJ found that the medical evidence of record did not support Plaintiff's subjective complaints, given the gaps in treatment and unremarkable clinical and objective findings. The ALJ noted that Plaintiff initially complained about back pain in January 2013. See AR 237. After being prescribed medication, Plaintiff improved such that she had a negative straight leg-raising test and a normal gait. See AR 272-75. Plaintiff complained about back pain again in April 2013 with an examination that showed unremarkable findings, including normal motor strength, sensation, and gait, as well as a negative straight leg-raising test. See AR 275-

80. Over a year later, in June 2014, Plaintiff again complained of back pain but had a mostly unremarkable physical examination. See AR 345-46. Indeed, Plaintiff's physician stated there was no need for an MRI and recommended physical therapy. See AR 346. A few days later, Plaintiff requested and received an MRI, which showed degenerative disc disease at the L4-L5 level with bilateral foraminal narrowing and otherwise unremarkable findings. See AR 353-56, 358, 359. Another year passed before Plaintiff again complained of back pain; she was advised to exercise and referred to physical therapy. See AR 464-66.

Regarding Plaintiff's shoulder, the ALJ noted that Plaintiff did not seek treatment until February 2014. See AR 296. An x-ray showed mild osteoarthritis and Plaintiff was prescribed a sling, medication, and ice treatments. See AR 306-08. In May 2014, Plaintiff reported mild pain and was referred for physical therapy. See AR 321, 322. Plaintiff complained about shoulder pain only one more time in January 2015 with unremarkable clinical findings and was prescribed medication. See AR 451-47. These significant gaps in treatment are "powerful evidence" the ALJ was permitted to consider in assessing Plaintiff's credibility. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ also noted Plaintiff's unwillingness to follow prescribed treatments and recommendations. The Ninth Circuit has long held that in assessing a claimant's credibility, "the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted). The record here is filled with instances where Plaintiff did not follow her treatment as prescribed and instead repeatedly declined or ignored recommended treatment options. See, e.g., AR 356 (noting that Plaintiff was "not interested in further back treatments"), 404 ("[P]atient has

not been compliant with the physical therapy plan of care"). In fact, Plaintiff failed to attend her prescribed physical therapy sessions for her shoulder on so many occasions that her therapist discharged her from the program. <u>See</u> AR 404 (noting that Plaintiff was discharged for "fail[ing] to follow up with therapy"). Plaintiff offers no medical evidence that her refusal was attributable to anything other than her own personal preference.

## III.   CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and this action is dismissed with prejudice.

Date: January 18, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge